IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAROLYN T. FARNWORTH,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, dba AMTRAK, and JOHN DOE'S 1-100,<br><br>    Defendants. | ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME<br><br><br>Case No. 2:05-CV-00761 PGC |

In this negligence action, defendant Amtrak filed a Rule 12(b) motion to dismiss based on plaintiff Carolyn T. Farnworth's failure to serve process until January 20, 2006 — one day after the court issued an order to show cause for Ms. Farnworth's failure to serve process within the 120 days allotted in the Federal Rules of Civil Procedure. Ms. Farnworth responded to Amtrak's motion by filing a motion to enlarge the time for service of the summons and complaint upon defendant up to and including January 30, 2006. The court GRANTS Ms. Farnworth's motion to enlarge time for service and DENIES Amtrak's motion to dismiss. Ms. Farnworth has not shown good cause, but the court finds that granting the motion for an enlargement of time will conserve valuable judicial resources.

BACKGROUND

On September 13, 2005, Ms. Farnworth filed this negligence action under federal question jurisdiction.  After the 120-day deadline in Rule 4(m) of the Federal Rules of Civil Procedure for serving Amtrak with proper notice lapsed, the court issued an Order to Show Cause to Ms. Farnworth.  One day after January 19 order issued, Ms. Farnworth served process on the defendant.  She also filed a motion seeking extra time (through January 30, 2006) to serve process.  In support of her motion, Ms. Farnworth states that one week prior to the 120-day deadline her uncle passed away from cancer.  She states that she has delayed proceeding with the case for personal reasons prior to her uncle's death.  According to Ms. Farnworth, this death brought about a variety of legal issues which tied up her attorney and caused the final delay in serving Amtrak before the 120 days expired.  Her attorney claims that he did not file a motion to extend time because he thought the order to show cause implied that the court exercised its power to direct that service be effected within a specified time.

DISCUSSION

The Tenth Circuit in *Espinoza v. United States* explained that the proper analysis for a Rule 4(m) violation includes two steps.[1]  First, the district court has to evaluate whether the litigant showed good cause for the delay of service.[2]  If this question is answered in the affirmative, the court is required to grant a mandatory extension of time to the litigant.[3]  If,

---

[1] 52 F.3d 838, 841 (10th Cir. 1995).

[2] *Id.*

[3] *Id.*

however, the court finds that no good cause existed, then the court can exercise its discretion to either grant a motion to dismiss based on Rule 4(m) or to extend the time of service.[4]  The second step is discretionary and the time for service may be extended even if the plaintiff shows no good cause.

    I.  *Strategic Delay Does Not Constitute Good Cause*

After assessing the circumstances of this case, the court finds that the Ms. Farnworth's strategic delay and subsequent family tragedy does not constitute good cause.  The Tenth Circuit has held that in order to take advantage of the good cause option under Rule 4(m) the plaintiff must "show meticulous efforts to comply with the rule."[5]  Even in cases where delay of service was due to mistake by counsel, the Tenth Circuit has not found good cause.[6]  In *Kirkland*, the court was faced with a litigant who strategically tried to delay the suit as long as possible.[7]  The circuit held that such strategic delay with subsequent failure to serve does not constitute good cause under Rule 4(m).

In this case, Ms. Farnworth delayed service for undisclosed "personal reasons."  The inherent danger in such strategy is of course that an unforeseeable event might inadvertently delay the service beyond the 120-day deadline.  This is what eventually happened here: the death of Ms. Farnworth's uncle exposed the inherent danger of her strategy.  In addition, this is not a

---

[4]*Id.*

[5] *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).

[6]*Despain v. Salt Lake Metro Area Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1996).

[7]*In re Kirkland*, 86 F.3d at 176.

case where a pro se litigant was surprised by the death of her uncle and forgot to serve the defendant. The plaintiff's attorney failed to serve the defendant because he was "involved in various family and legal issues relating to the uncle's death." This is no different than an attorney being overwhelmed by legal issues from other sources. A strategic delay in service coupled with an attorney's busy schedule does not constitute good cause under Rule 4(m).

      II.    *Motion to Show Cause Is Not an Automatic Extension for Service*

Ms. Farnworth also argues that no motion to extend time was filed because her attorney assumed that the court's order to show cause implied that the court exercised its authority to direct that service be effected within a specified time. The order to show cause is simply an order for the plaintiff to show why the case should not be dismissed. The court finds Ms. Farnworth's argument unpersuasive, especially since the order to show cause required a response to the court and never mentioned that service must be completed by a certain date.

      III.    *The Court Denies the Motion to Dismiss for Reasons of Judicial Economy*

Under Rule 4(m), if the court finds that no good cause existed for the delayed service it could dismiss the case — but only without prejudice. The court notes that Ms. Farnworth did give a reason for the delay, even if that reason did not rise to good cause. Furthermore, the defendant was served one day after the Court issued the order to show cause. And Ms. Farnworth has indicated that, if the Court dismisses without prejudice, the lawsuit would simply be refiled, thereby wasting judicial resources and the parties' resources in the process. For all these reasons, the court exercises its discretion and grants Ms. Farnworth's motion to enlarge the time for service. The court advises Ms. Farnworth and her attorney that it will not look favorably

on any further "strategic" delays.  The court expects the parties to comply with all deadlines specified in the rules unless otherwise enlarged by an order of this court.[8]

## CONCLUSION

The court GRANTS Ms. Farnworth's motion to enlarge the time for service of the summons and complaint (Docket #8) and extends the time for service of process up to and including January 30, 2006.  The court DENIES Amtrak's motion to dismiss (Docket #4).

SO ORDERED.

DATED this 20th day of April, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[8] *See* DUCivR 83-6 ("No stipulation between the parties modifying a prior order of the court or affecting the course or conduct of any civil proceeding will be effective until approved by the court.").